UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

United States of America

v.  Case No. 6:19-CR-237-ORL-37-GJK

Dante Sherod Hampton

Memorandum for Sentencing

Defendant Dante Sherod Hampton, by and through his undersigned attorney, files this memorandum of sentencing, in support of a request for a variance from the Guidelines as applied in this case.

As previously noted in the defendant's objection to the Presentence Report, placing Mr. Hampton in Criminal Category VI overstates the seriousness of his prior criminal record which shows that the circumstances underlying his prior offenses are considerably less serious than that of offenders typically found in Criminal History Category VI. Specifically, paragraph 44 of Part B ("THE DEFENDANT'S CRIMINAL HISTORY") assigns 3 points for Mr. Hampton's convictions on 2 counts of possession, sale and delivery of cocaine (Brevard County, Florida circuit case number 2002-CF-61533), and subsequent plea of guilty to a VOP. Mr. Hampton's sentence in that case reflected two sales of a total of between 1 and 2 grams of cocaine. The original sentence imposed reflects the less serious nature of Mr. Hampton's criminal behavior: adjudication of guilt was withheld, and Mr. Hampton was sentenced to serve 11 months in the Brevard County Jail. Mr. Hampton received approximately $200 for his role in these transactions. Similarly, Mr. Hampton's conviction in 2007 (Spalding County, Georgia case number 07R-666A) for trafficking in cocaine (paragraph 47 of the PSR) involved conduct significantly less serious than that typical of Category VI offenders. Mr. Hampton's involvement was limited to his transporting slightly more than 1 kilogram of cocaine for which he was to have been paid - but never received - $500.

With respect to the instant offense, Mr. Hampton obtained approximately 100 grams of heroin at the request of the confidential informant in this case. Mr. Hampton had to approach a third individual to obtain the substance, since Mr. Hampton normally restricted his drug dealing to marihuana. Mr. Hampton estimates that he received approximately $2000 for these transactions.

In summary, the convictions supporting the career offender application represent slightly over $2000 in proceeds to the defendant. This defendant has pled guilty, and cooperated to the best of his ability. He has demonstrated remorse and accepted responsibility. Strict application of the career offender provision would be excessive in the extreme.

Studies conducted by the Sentencing Guidelines Commission demonstrate that cases involving career offender application result in variances about forty seven percent of the time. This case should fall well within the range of these variances, based on the relative lack of severity and financial gain of the offense conduct. The cases reviewed for those studies appear to go up to Fiscal Year 2018. *Quick Facts - Career Offenders*, United States Sentencing Commission, FY 2014 through FY 2018 Datafiles, USSCFY14-USSCFY18.

Undersigned counsel was unable to find cases explicitly approving a variance given these circumstances. This is not surprising. A court's failure to give such a variance would not be appealable by the defendant. Use of such a variance would unlikely to be appealed by the government given the inherent risk of generating unfavorable case law in this area. Case law supporting the variance sought here is therefore lacking.

The defendant submits the following analysis in support of his request for variance. The career offender classification and the downward variance arguments operate independently of each other. *U.S. v. Frost*, 612 F. Supp. 2d 903 (N.D. Ohio 2009). Once the career offender status is decided, and the question turns to the downward variance, the career offender conclusion no longer bears on the variance argument. *U.S. v. Frost*, 612 F. Supp. 2d 903 (N.D. Ohio 2009).

Section 3B1.2 provides for a 2- to 4-level downward adjustment of a criminal defendant's offense level if the criminal was a "minor" or "minimal" participant in the crime for which he or she is being sentenced. U.S.S.G. 3B1.2. *United States v. Madrid*, No. CR 18-0836 JB (D.N.M. Mar.11, 2019). As noted above, counsel for the defendant was unable to find a case that held the court could grant a motion for downward variance where the defendant's involvement in the prior offenses was minimal. However, since section 3B1.2 provides for a 2- to 4-level downward adjustment of a criminal defendant's offense level if the criminal was a "minor" or

"minimal" participant, the Sentencing Commission, and by extension, the Courts agree that a defendant's minor participation in crime is a factor justifying leniency. Hampton's minimal participation is inconsequential in the context of prior offenses. The offense for which he is being sentenced has severe consequences, but the acts committed were at a relatively low "street" level. Couple his minor participation in his prior state offenses with the President's and Congress' recognition, reflected in its recent policy, of the past, unjustified harshness of federal sentencing for drug offenses, and there appears to be ample reason for the court to apply a downward variance. Application of a variance would result in a sentence reflecting the actual seriousness of the offense, and providing adequate deterrence for the offense conduct, in accordance with Section 3553 of Title 18, United States Code.

Respectfully submitted, this 18th day of February, 2020.

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court (CM/ECF) on this 18th day of February, 2020; by using the CM/ECF system, which will send a notice of electronic filing to Assistant United States Attorney Sean Napier, or by hand delivery to the Clerk of Court and Assistant United States Attorney Sean Napier.

/s/ Bruce Hinshelwood, Esq.

Bruce Hinshelwood P.A.
Florida Bar No. 232882
PO Box 1984
Orlando, Florida 32802
hinshelwoodlaw@bellsouth.net
Telephone: 407-648-2730