# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                                    **CASE NO: 6:19-cr-237-RBD-LHP**

**DANTE SHEROD HAMPTON**

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following

motions filed herein:

| | |
|---|---|
| **MOTION:** | **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES AND COSTS (Doc. No. 48)** |
| **FILED:** | **October 10, 2023** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED AS MOOT**.

| | |
|---|---|
| **MOTION:** | **MOTION FOR PERMISSION TO APPEAL IN FORMA PAUPERIS AND AFFIDAVIT (Doc. No. 50)** |
| **FILED:** | **October 16, 2023** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

## I.    BACKGROUND

On November 13, 2019, Defendant Dante Sherod Hampton was charged by Information with one count of conspiracy to possess with intent to distribute 40 grams or more of fentanyl, in violation of 21 U.S.C. § 846.   Doc. No. 25.   That same day, Hampton filed a waiver of indictment, and a fully executed plea agreement. Doc. Nos. 26-27.   Hampton pleaded guilty to the lone charge in the Information on December 3, 2019, and the Court adjudicated Hampton guilty of the offense on December 17, 2019.   Doc. Nos. 29-36.   On February 24, 2020, United States District Judge Roy B. Dalton, Jr., sentenced Hampton to a term of 180 months of incarceration, followed by a term of five (5) years supervised release.   Doc. No. 41. Judgment was entered accordingly on February 26, 2020.   Doc. No. 42.

Hampton did not file an appeal, nor did he file any petitions for collateral relief under 28 U.S.C. § 2255 or any other legal authority.   Instead, more than three (3) years later on September 22, 2023, Hampton filed a Notice of Appeal, in which he challenges his sentence under 18 U.S.C. § 3742(a)(2).   Doc. No. 45.   Specifically, Hampton claims that the recent decision in *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023), constitutes an intervening change in statutory interpretation, such that his sentence "was imposed as a result of an incorrect application of the sentencing guidelines."   *Id.*, at 1-2 (citing 18 U.S.C. § 3742(a)(2)).   Since filing the Notice of Appeal, Hampton has filed two motions seeking leave to appeal *in forma*

*pauperis*.   Doc. Nos. 48, 50.   The undersigned will respectfully recommend that the first motion (Doc. No. 48) be denied as moot in light of the second filing.   And for the reasons discussed below, the undersigned will further recommend that the second motion (Doc. No. 50) be denied because Hampton's appeal is not taken in good faith.

## II.   ANALYSIS

"[A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor.   Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."   28 U.S.C. § 1915(a)(1).   However, a party's ability to file an appeal without paying court fees is limited by the statutory provision that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."   *Id.* § 1915(a)(3).

"Good faith is demonstrated where an appeal 'seeks appellate review of any issue not frivolous.'"   *Schmitt v. U.S. Office of Pers. Mgmt.*, No: 8:09-cv-943-T-27EAJ, 2009 WL 3417866, at *2 (M.D. Fla. Oct. 19, 2009) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)).   A frivolous appeal is one "without arguable merit."   *Sun*

*v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (citation omitted). "In deciding whether an IFP appeal is frivolous, a district court determines whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded." *Id.* (internal quotations and citations omitted); *see also Bell v. HCR Manor Care Facility of Winter Park*, No. 6:10-cv-523-Orl-22KRS, 2010 WL 4096849, at \*2 (M. D. Fla. Aug. 24, 2010). In other words, "[a] lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight." *Cooley v. Ocwen Loan Svc., LLC*, 729 F. App'x 677, 680-81 (11th Cir. 2018) (quoting *Clark v. Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990)).[1] "'Good faith' in the context of a criminal appeal is judged by an objective standard." *United States v. Gholston*, 133 F. Supp. 2d 1304, 1306 (M.D. Fla. 2000), *aff'd*, 275 F.3d 52 (11th Cir. 2001).

Upon review of Hampton's motion, I find that his appeal is not taken in good faith. First, it would appear that Hampton has waived his right to appeal under 18 U.S.C. § 3742 by virtue of the waiver of his right to appeal his sentence provision contained in his plea agreement. Doc. No. 27, at 17. That provision contains four narrow exceptions: (1) the sentence exceeds the applicable guideline range as determined by the Court pursuant to the United States Sentencing Guidelines; (2) the sentence exceeds the statutory maximum; (3) the sentence violates the Eighth

---

[1] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36-2.

Amendment to the Constitution; or (4) the United States has filed an appeal. *Id.* It does not appear that any of these exceptions apply – nor does Hampton argue as much – rather he contends that an intervening change in the law now renders the Court's calculations in February 2020 incorrect. Doc. No. 45. *Cf. Reynolds v. United States*, No. 8:06-cv-654-T-30MSS, 2006 WL 4990905 (M.D. Fla. June 15, 2006) (finding waiver of right to appeal sentence in plea agreement precluded challenges to conviction and sentence based on intervening Supreme Court precedent).

Second, the appeal is patently untimely. As noted above, Hampton's judgment issued on February 26, 2020. The time to file an appeal expired 14 days after the entry of judgment – on or about March 11, 2020. *See* Fed. R. App. P. 4(b)(1)(A)(i). Hampton's appeal filed more than three (3) years later, without any explanation as to how the appeal could be timely, is fatal to his request.

Third, to the extent Hampton could pursue the relief he requests in his Notice of Appeal, it would seem that the proper procedural vehicle would be to file a petition to vacate, correct, or modify his sentence under 28 U.S.C. § 2255, or to file a motion to reduce his sentence under 18 U.S.C. § 3582(c). *See, e.g.*, *Burton v. United States*, No. 3:13-cr-50-J-34JBT, 2019 WL 587585, at *5 (M.D. Fla. Feb. 13, 2019) (discussing the instances when a petition under 28 U.S.C. § 2255 is appropriate); *United States v. Williams*, No. 22-13150, 2023 WL 4234185 (11th Cir. June 28, 2023) (discussing applicability of 18 U.S.C. § 3582(c) to motions to reduce sentence).

## III.    RECOMMENDATION

For these reasons, **I RESPECTFULLY RECOMMEND** that the Court certify that Defendant Dante Sherod Hampton's appeal (Doc. 45) is not taken in good faith, **DENY AS MOOT** his first motion for leave to appeal *in forma pauperis* (Doc. No. 48), and **DENY** his second motion for leave to appeal *in forma pauperis* (Doc. No. 50).

## <u>NOTICE TO PARTIES</u>

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 24, 2023.

_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE


Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party